

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
FLORENCE DIVISION

| | | |
|---|---|---|
| MICHAEL WOODWARD VINCENT, | § | |
| Plaintiff, | § | |
| | § | |
| vs. | § | CIVIL ACTION NO. 4:15-02867-MGL |
| | § | |
| CAROLYN W. COLVIN, | § | |
| Acting Commissioner of Social Security, | § | |
| Defendant. | § | |

## ORDER ADOPTING THE REPORT AND RECOMMENDATION
## AND AFFIRMING DEFENDANT'S FINAL DECISION DENYING BENEFITS

This is a Social Security appeal in which Plaintiff seeks judicial review of the final decision of Defendant denying his claims for Disability Insurance Benefits (DIB) and Disabled Widower's Benefits (DWB). The parties are represented by excellent counsel. The matter is before the Court for review of the Report and Recommendation (Report) of the United States Magistrate Judge suggesting to the Court Defendant's final decision denying Plaintiff's claims for DIB and DWB be affirmed. The Report was made in accordance with 28 U.S.C. § 636 and Local Civil Rule 73.02 for the District of South Carolina.

The Magistrate Judge makes only a recommendation to this Court. The recommendation has no presumptive weight. The responsibility to make a final determination remains with the Court. *Mathews v. Weber*, 423 U.S. 261, 270 (1976). The Court is charged with making a de novo determination of those portions of the Report to which specific objection is made, and the Court may

accept, reject, or modify, in whole or in part, the recommendation of the Magistrate Judge or recommit the matter with instructions. 28 U.S.C. § 636(b)(1).

The Magistrate Judge filed the Report on December 13, 2016, and Plaintiff filed his objections on December 27, 2016. The Court has carefully reviewed Plaintiff's objections, but holds them to be without merit. Therefore, it will enter judgment accordingly.

Plaintiff filed his application for DIB and DWB on March 4, 2012, asserting his disability commenced on February 28, 2012. Plaintiff's application was denied initially and upon reconsideration. Plaintiff requested a hearing before an Administrative Law Judge (ALJ), which the ALJ conducted on December 4, 2013. Then, on January 10, 2014, the ALJ issued a decision finding Plaintiff was not disabled under the Act. Subsequently, the Appeals Council denied Plaintiff's request for review of the ALJ's decision. Accordingly, the ALJ's decision became Defendant's final decision for purposes of judicial review. Thereafter, Plaintiff filed suit in this Court, seeking judicial review of Defendant's final decision denying his claims.

The Social Security Administration has established a five-step sequential evaluation process for determining whether a person is disabled. 20 C.F.R. §§ 404.1520(a), 416.920(a). The five steps are: (1) whether the claimant is currently engaging in substantial gainful activity; (2) whether the claimant has a medically determinable severe impairment(s); (3) whether such impairment(s) meets or equals an impairment set forth in the Listings; (4) whether the impairment(s) prevents the claimant from returning to his past relevant work; and, if so, (5) whether the claimant is able to perform other work as it exists in the national economy. 20 C.F.R. §§ 404.1520(a)(4)(I)-(v), 416.920(a)(4)(I)-(v).

Under 28 U.S.C. § 636(b)(1), a district court is required to conduct a de novo review of those portions of the Magistrate Judge's Report to which a specific objection has been made. The Court need not conduct a de novo review, however, "when a party makes general and conclusory objections that do not direct the court to a specific error in the [Magistrate Judge's] proposed findings and recommendations." *Orpiano v. Johnson*, 687 F.2d 44, 47 (4th Cir. 1982); *see* Fed. R. Civ. P. 72(b). Thus, the Court will address each specific objection to the Report in turn. As provided above, however, the Court need not–and will not–address any of Plaintiff's arguments that fail to point the Court to alleged specific errors the Magistrate Judge made in the Report.

It is Plaintiff's duty to both produce evidence and prove he is disabled under the Act. *See Pass v. Chater*, 65 F.3d 1200, 1203 (4th Cir. 1995). And, it is the duty of the ALJ, not this Court, to make findings of fact and to resolve conflicts in the evidence. *Hays v. Sullivan*, 907 F.2d 1453, 1456 (4th Cir. 1990). Under the substantial evidence standard, however, the Court must view the entire record as a whole. *See Steurer v. Bowen*, 815 F.2d, 1249, 1250 (8th Cir. 1987).

"Additionally, the substantial evidence standard presupposes a zone of choice within which the decisionmakers can go either way, without interference by the courts. An administrative decision is not subject to reversal merely because substantial evidence would have supported an opposite decision." *Clarke v. Bowen*, 843 F.2d 271, 272-73 (8th Cir. 1988) (citations omitted) (internal quotation marks omitted) (alteration omitted). Likewise, when considering a Social Security disability claim, it is not the province of this Court to "reweigh conflicting evidence . . . or substitute [its] judgment for that of the ALJ." *Johnson v. Barnhart*, 434 F.3d 650, 653 (4th Cir. 2005) (per curiam) (citation omitted) (alteration omitted). The Court "must sustain the ALJ's

decision, even if [it] disagree[s] with it, provided the determination is supported by substantial evidence." *Smith v. Chater*, 99 F.3d 635, 638 (4th Cir. 1996).

Plaintiff raises two specific objections to the Magistrate Judge's Report. The Court will address each one in turn.

First, Plaintiff asserts the Magistrate Judge erred by accepting the ALJ's allegedly conclusory statement regarding the combined effect of Plaintiff's multiple impairments. ECF No. 24 at 1. Specifically, Plaintiff avers the Magistrate Judge failed to point out exactly where the ALJ conducted this analysis within his decision, citing *Walker v. Bowen*, 889 F.2d 47 (4th Cir. 1989). Plaintiff insists the lack of a detailed discussion of how Plaintiff's combined impairments affect him is particularly significant given his diagnoses of hypochondriasis and somatization disorder. The Court is unpersuaded.

Importantly, *Walker* was not intended to be used as a trap for the Commissioner; rather, the adequacy requirement of *Walker* is met if it is clear from the decision as a whole the ALJ considered the combined effect of a claimant's impairments. Thus, there have been instances in which this Court has affirmed an appeal in which the ALJ could have done a better job explaining his decision because, when the opinion was read as a whole, the Court was able to take the ALJ at her or his word that she or he had properly analyzed the issue. *See, e.g.*, *Sims v. Colvin*, Civil Action No. 0:14-1663-MGL-PJG, 2015 WL 5525096, at *6 (D.S.C. Sept. 17, 2015) ("[T]he Court is satisfied that, when the ALJ's opinion is read as a whole, it is clear that he considered the combined effect of Plaintiff s combined impairments."). Further, the Court's "general practice, which [it] see[s] no reason to depart from here, is to take a lower tribunal at its word when it declares that it has considered a matter." *Hackett v. Barnhart*, 395 F.3d 1168, 1173 (10th Cir. 2005). Additionally, to

4

the extent the ALJ could have done a better job in explaining his decision, "if the [ALJ's] decision is overwhelmingly supported by the record though the agency's original opinion failed to marshal that support, then remanding is a waste of time." *Bishop v. Comm'r of Soc. Sec.*, 583 F. App'x 65, 67 (4th Cir. 2014) (internal quotation marks omitted).  This is such a case.  The ALJ's decision, when read as a whole, convinces this Court he properly considered the evidence of the effect of Plaintiff's combined impairments, "and the ALJ's decision is [so] overwhelmingly supported by the record . . . [that] remanding is a waste of time." *Id.*  Hence, because this Court is of the firm opinion the ALJ properly considered and explained his consideration of Plaintiff's impairments in combination, the Court will overrule Plaintiff's first objection.

Second, Plaintiff urges the Magistrate Judge erred in recommending the ALJ made an appropriate determination of Plaintiff's residual functional capacity (RFC).  ECF No. 24 at 3.  Plaintiff claims the ALJ neglected to account for Plaintiff's mental health limitations in the RFC.  The Court disagrees.

"An ALJ is not required to discuss all the evidence submitted, and an ALJ's failure to cite specific evidence does not indicate that it was not considered."  *Craig v. Apfel*, 212 F.3d 433, 436 (8th Cir. 2000).  But, the "ALJ may not select and discuss only that evidence that favors his ultimate conclusion, but must articulate, at some minimum level, his analysis of the evidence to allow the . . . [C]ourt to trace the path of his reasoning."  *Diaz v. Chater*, 55 F.3d 300, 307 (4th Cir. 1995).  That said, although the ALJ "must build an accurate and logical bridge from the evidence to [his] conclusion," *Dixon v. Massanari*, 270 F.3d 1171, 1176 (7th Cir. 2001), the Court "will nonetheless give the opinion a commonsensical reading rather than nitpicking at it," *Rice v. Barnhart*, 384 F.3d 363, 369 (7th Cir. 2004) (citation omitted) (internal quotation marks omitted).

As already noted, "the substantial evidence standard presupposes a zone of choice within which the decisionmakers can go either way, without interference by the courts. An administrative decision is not subject to reversal merely because substantial evidence would have supported an opposite decision." *Clarke*, 843 F.2d at 272-73. The Court "must sustain the ALJ's decision, even if [it] disagree[s] with it, provided the determination is supported by substantial evidence." *Smith*, 99 F.3d at 638. Where, as here, the ALJ discussed medical and nonmedical evidence leading to his RFC assessment for Plaintiff, specifically addressing each of Plaintiff's impairments and giving him every benefit of the doubt in limiting him to light work and restricting him from exposure to work hazards, the Court holds the ALJ's decision was supported by substantial evidence and the ALJ adequately explained the RFC analysis.

Here, "[c]ertainly, the ALJ could have done a better job in explaining the bases for finding that [Plaintiff] is not disabled under the Act. But, the fact that the ALJ could have offered a more thorough explanation for [his] decision does not change [the Court's] conclusion that substantial evidence in the record supports that decision." *See Dunn v. Colvin*, 607 F. App'x 264, 276 (4th Cir. 2015). Therefore, discerning no legal error, and holding the ALJ's decision on this issue is supported by substantial evidence, the Court will overrule this objection as well.

In sum, the Court holds there is substantial evidence to support the ALJ's conclusion Plaintiff was not disabled under the Act during the relevant time period and the ALJ's decision is free from reversible legal error. Further, the determination is reasonable.

After a thorough review of the Report and the record in this case under the standard set forth above, the Court overrules Plaintiff's objections, adopts the Report, and incorporates it herein.

Therefore, it is the judgment of the Court Defendant's final decision denying Plaintiff's claims for DIB and DWB is **AFFIRMED**.

    **IT IS SO ORDERED**.

    Signed this 29th day of December, 2016, in Columbia, South Carolina.

                                             s/ Mary Geiger Lewis
                                             MARY GEIGER LEWIS
                                             UNITED STATES DISTRICT JUDGE